Filed 2/26/14; pub. order 3/20/14 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MARIO CASAS, | B246392 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC483637) |
| v. | |
| CARMAX AUTO SUPERSTORES CALIFORNIA LLC, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge.  Reversed.

Ogletree, Deakins, Nash, Smoak & Stewart, Jack S. Sholkoff, Christopher W. Decker and Vicky H. Lin for Defendant and Appellant.

Shegerian & Associates, Carney R. Shegerian and Anthony Nguyen for Plaintiff and Respondent.

_____

Mario Casas filed a complaint alleging wrongful termination against CarMax Auto Superstores California, LLC (CarMax). The trial court denied CarMax's motion to compel arbitration, and CarMax appeals. We reverse.

## BACKGROUND

Casas filed a complaint against CarMax on April 27, 2012, alleging wrongful termination, Labor Code and Business and Professions Code violations, breach of an implied contract not to terminate employment without good cause, intentional infliction of emotional distress, negligent hiring, negligent retention, negligent supervision, and defamation. Casas alleged that CarMax hired him on August 8, 2008 and on December 17, 2010, terminated him from his position as a service consultant. CarMax cited poor results in customer service surveys, but the real reason was Casas's "refusal to participate in and his actual discussions of [CarMax's] illegal actions both internally and externally."

On June 29, 2012, CarMax filed a motion to compel arbitration, based on a Dispute Resolution Agreement (the arbitration agreement, or agreement) that Casas signed on July 23, 2008, as part of his application for employment, and in which he acknowledged receipt of the Dispute Resolution Rules and Procedures (DRRP) governing any arbitration, which had been in effect since December 2005. Casas opposed the motion to compel, arguing that the arbitration agreement was not a contract, and that in any event the agreement was procedurally and substantively unconscionable.

After a hearing on November 8, 2012, the trial court denied CarMax's motion to compel arbitration in an order entered on November 16, 2012, finding the arbitration agreement "'illusory'" because the DRRP gave CarMax the right to alter or terminate the agreement and the DRRP. CarMax filed a timely notice of appeal.

## DISCUSSION

The material facts are undisputed, and so we determine de novo the existence of an agreement to arbitrate. (*Sparks v. Vista Del Mar Child & Family Services* (2012) 207 Cal.App.4th 1511, 1519 (*Sparks*).)

Rule 19 of the DRRP provides: "CarMax may alter or terminate the Agreement and these [DRRP] on December 31 of any year upon giving thirty (30) calendar days

2

written notice to Associates, provided that all claims arising before alteration or termination shall be subject to the Agreement and corresponding [DRRP] in effect at the time the Arbitration Request Form is received by the Company.  Notice may be given by posting a written notice by December 1 of each year at all CarMax locations (including locations of affiliated companies).  A copy of the text of any modification to the Agreement or Rules and Procedures will be published in the Applicant Packet, which will be available at such locations after December 31 of each year."  Citing *Sparks*, *supra*, 207 Cal.App.4th 1511, the trial court concluded that the arbitration agreement was illusory because CarMax could unilaterally modify or terminate the agreement and the DRRP by posting notification at all CarMax locations, without direct notification of employees.  "In effect, the CarMax Agreement and [DRRP] tell the employee:  'You and I are entering into an agreement to arbitrate; we can change our mind but you can't.  There is also no assurance you will even know we have changed our mind.'"  The trial court found it unnecessary to address whether the agreement was unconscionable.

In *Sparks*, *supra*, 207 Cal.App.4th 1511, an employee handbook contained (but did not highlight) a brief "dispute resolution policy" requiring the employee and employer to arbitrate any disputes arising out of the employment relationship, and provided that the handbook "'may be amended, revised and/or modified by [the employer] at any time without notice.'"  (*Id*. at pp. 1515–1516.)  The employee signed an acknowledgment of receipt of the handbook, but stated in a declaration that the employer did not make him aware of the arbitration clause and he was not aware of it.  (*Id*. at p. 1516.)  The trial court concluded that the employee's mere acknowledgment of the handbook was insufficient to create an enforceable agreement to arbitrate.  (*Id.* at p. 1517.)  The court of appeal affirmed because the employer failed to call attention to the arbitration requirement in the handbook, and as another reason, stated without elaboration (and with citation only to out-of-state authority):  "An agreement to arbitrate is illusory if, as here, the employer can unilaterally modify the handbook. [Citations.]" (*Id.* at pp. 1520, 1523.)

3

Unlike the arbitration clause in *Sparks*, *supra*, 207 Cal.App.4th 1511, the arbitration agreement in this case was not hidden in a handbook which the employee simply acknowledged receiving.  More to the point, the agreement signed by Casas provided a specific date for any amendment of the agreement or the DRRP (December 31 of every year), 30 days' notice, and posting at CarMax locations, while the clause in the handbook in *Sparks* allowed change or elimination without any notice, and at any time.

While the trial court did not find the modification provision unconscionable, it declared it unilateral, allowing CarMax to "change [its] mind" about the arbitration agreement but not allowing Casas to change his mind.  Under California law, however, even a modification clause not providing for advance notice does not render an agreement illusory, because the agreement also contains an implied covenant of good faith and fair dealing.  (*Peleg v. Neiman Marcus Group, Inc.* (2012) 204 Cal.App.4th 1425, 1463–1464.)  "'"Where the contract specifies performance the fact that one party reserves the power to vary it is not fatal if the exercise of the power is subject to prescribed or implied limitations such as the duty to exercise it in good faith and in accordance with fair dealings."'  [Citations.]"  (*24 Hour Fitness, Inc. v. Superior Court* (1998) 66 Cal.App.4th 1199, 1214.)  "[T]he implied covenant of good faith and fair dealing limits the employer's authority to unilaterally modify the arbitration agreement and saves that agreement from being illusory and thus unconscionable."  (*Serpa v. California Surety Investigations, Inc.* (2013) 215 Cal.App.4th 695, 708, fn. omitted.)

Casas points out that rule 19 of the DRRP also provides:  "[A]ll claims arising before alteration or termination shall be subject to the [agreement] in effect at the time the Arbitration Request Form is received by the Company."  To the extent that this express statement would subject a claim to a modified agreement where the claim arose before a modification, but was not submitted to arbitration until after incorporation of that modification into the arbitration agreement, the covenant of good faith and fair dealing cannot vary the plain language, and the contract is illusory.  (*Peleg v. Neiman Marcus*

4

*Group, Inc.*, *supra*, 204 Cal.App.4th at p. 1465.)[1]  In this case, however, rule 18 of the DRRP states that if any of the arbitration rules "is held to be in conflict with a mandatory provision of applicable law, the conflicting Rule or Procedure shall be modified automatically to comply with the mandatory provision" until the rules can be formally modified to comply with the law.  That express statement in rule 18 means that should an employee assert a claim that arose before modification of the agreement, CarMax could not apply the modifications to that claim.

The modification clause in the CarMax DRRP does not invalidate the arbitration agreement.

## DISPOSITION

The trial court's order denying CarMax Auto Superstores California's motion to compel arbitration is reversed.  CarMax Auto Superstores California is to recover its costs on appeal.


JOHNSON, J.

We concur:


CHANEY, Acting P. J.


MILLER, J.[*]

---

[1] Casas cites *Ingle v. Circuit City Stores, Inc.* (9th Cir. 2003) 328 F.3d 1165, which found unconscionable a unilateral modification clause in an arbitration agreement. That case, however, expressly did not hold that that clause by itself rendered the agreement unenforceable.  (*Id*. at pp. 1179–1180, fn. 23.)

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 3/20/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MARIO CASAS,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CARMAX AUTO SUPERSTORES<br>CALIFORNIA LLC.,<br><br>    Defendant and Appellant. | B246392<br>(Los Angeles County<br>Super. Ct. No. BC483637)<br><br>CERTIFICATION AND<br>ORDER FOR PUBLICATION |

The opinion in the above-entitled matter filed February 26, 2014, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

CHANEY, Acting P. J.                    JOHNSON, J.                    MILLER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.