**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDVARD ESHAGH, | No. 12-16718 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00222-LJO-DLB |
| v. | |
| THE TERMINIX INTERNATIONAL COMPANY, L.P., a limited partnership; TERMINIX INTERNATIONAL, INC., a corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted October 7, 2014
San Francisco, California

Before: THOMAS, Chief Judge, and O'SCANNLAIN and McKEOWN, Circuit
Judges.

Edvard Eshagh appeals the district court's order striking class allegations

from his complaint and compelling arbitration of his claims against The Terminix

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

International Company, L.P. and Terminix International, Inc. Specifically, Eshagh contends that the district court erred (1) in concluding that Terminix did not waive its right to compel arbitration, (2) in concluding that the parties' arbitration agreement was not illusory or unconscionable, and (3) by striking class claims from Eshagh's complaint.

## I

Regardless of whether Terminix had knowledge of an existing right to compel arbitration prior to *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), it did not act inconsistently with such a right by filing a motion to dismiss prior to its motion to compel arbitration. *See Lake Communications, Inc. v. ICC Corp.*, 738 F.2d 1473, 1476–77 (9th Cir. 1984) (holding that a party which "had not yet filed an answer," filed counterclaims, filed a motion to dismiss, and engaged in limited discovery did not waive its contractual arbitration rights), *overruled on other grounds by Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 632–35 (1985); *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1407–09, 1413 (9th Cir. 1990) (concluding that a party who actively avoided discovery and filed multiple motions to stay district court proceedings did not act inconsistently with its arbitration rights).

## II

2

The district court did not err in holding that the arbitration agreement was not unconscionable. An arbitration clause is unenforceable under California law only if it is both procedurally and substantively unconscionable. *Ting v. AT&T*, 319 F.3d 1126, 1148 (9th Cir. 2003). Eshagh has not provided any authority suggesting that the arbitration clause itself—which merely addresses the parties' ability to recover "indirect, special or consequential damages or loss of anticipated rents and/or profits"—is substantively unconscionable.

Similarly, the district court properly determined that the arbitration agreement was not illusory. A contract provision is illusory and not enforceable if one of the parties can avoid the provision by unilaterally amending or terminating the agreement. *See Asmus v. Pac. Bell*, 999 P.2d 71, 79 (Cal. 2000). The termination provision is limited to a change in existing law regarding termite-control services, and is thereby not so broad as to render the agreement illusory. *Cf. Casas v. Carmax Auto Superstores California LLC*, 224 Cal. App. 4th 1233, 1237 (Cal. Ct. App. 2014) (holding that a provision permitting an employer to modify unilaterally an arbitration agreement upon providing 30-days notice was not illusory in light of the implied covenant of good faith and fair dealing).

III

3

Finally, the district court did not err in striking Eshagh's class claims. Issues that "contracting parties would likely have expected a court to have decided" are considered "gateway questions of arbitrability" for courts, and not arbitrators, to decide. *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011). The Supreme Court has made it clear that "class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010); *see also Concepcion*, 131 S. Ct. at 1750–52 (emphasizing the "fundamental" changes implicated in the shift from bilateral to class-action arbitration).

**AFFIRMED.**[1]

---

[1] The Motion for Leave To File Brief of Amicus Curiae in Support of Plaintiff-Appellant by Consumer Attorneys of California is GRANTED.