NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

AUG 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **FRANK VARELA, on behalf of himself and all other similarly situated,**<br><br>　　　　　**Plaintiff-Appellee,**<br><br>**v.**<br><br>**LAMPS PLUS, INC.; et al.,**<br><br>　　　　　**Defendants-Appellants.** | No.　16-56085<br><br>D.C. No.<br>5:16-cv-00577-DMG-KS<br><br><br>MEMORANDUM[*] |

**Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding**

**Argued and Submitted July 12, 2017
Pasadena, California**

**Before:　REINHARDT, FERNANDEZ, and WARDLAW, Circuit Judges.**

Lamps Plus appeals an order permitting class arbitration of claims related to

a data breach of personal identifying information of its employees. After Lamps

Plus released his personal information in response to a phishing scam, Frank

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Varela filed a class action complaint alleging negligence, breach of contract, invasion of privacy, and other claims. Lamps Plus moved to compel bilateral arbitration pursuant to an arbitration agreement ("the Agreement") it drafted and required Varela to sign as a condition of his employment. The district court found that the Agreement is a contract of adhesion and ambiguous as to class arbitration. It construed the ambiguity against the drafter, Lamps Plus, and compelled arbitration of all claims, allowing class-wide arbitration to proceed.

On appeal, Lamps Plus argues that the parties did not agree to class arbitration. We disagree, and affirm the district court.

"[A] party may not be compelled under the [Federal Arbitration Act] to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010). The parties agree that the Agreement includes no express mention of class proceedings. However, as the Supreme Court stated, "silence" in its *Stolt-Nielsen* analysis constituted more than the mere absence of language explicitly referring to class arbitration; instead, it meant the absence of *agreement*. 559 U.S. at 687 ("[W]e see the question as being whether the parties *agreed to authorize* class arbitration."); *see also Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2069-70 (2013). There, the Supreme Court accepted the parties' stipulation that

silence meant "there's been no agreement that has been reached . . . ." 559 U.S. at 668-69. That the Agreement does not expressly refer to class arbitration is not the "silence" contemplated in *Stolt-Nielsen*.

We apply state law contract principles in order to interpret the Agreement. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In California, a contract is ambiguous "when it is capable of two or more constructions, both of which are reasonable." *Powerine Oil Co. v. Super. Ct.*, 118 P.3d 589, 571 (Cal. 2005). Contracts may be ambiguous as a whole despite terms and phrases that are not themselves inherently ambiguous. *See Dore v. Arnold Worldwide, Inc.*, 139 P.3d 56, 60 (Cal. 2006). Ambiguity is construed against the drafter, a rule that "applies with peculiar force in the case of a contract of adhesion." *Sandquist v. Lebo Auto., Inc.*, 376 P.3d 506, 514 (Cal. 2016).

At its outset, the Agreement contains a paragraph outlining Varela's understanding of the terms in three sweeping phrases. First, it states Varela's assent to waiver of "any right I may have to file a lawsuit or other civil action or proceeding relating to my employment with the Company." Second, it includes an additional waiver by Varela of "any right I may have to resolve employment disputes through trial by judge or jury." Third, "arbitration shall be in lieu of any and all lawsuits or other civil legal proceedings relating to my employment." A

reasonable – and perhaps *the most reasonable* – interpretation of this expansive language is that it authorizes class arbitration. It requires no act of interpretive acrobatics to include class proceedings as part of a "lawsuit or other civil legal proceeding[]." Class actions are certainly one of the means to resolve employment disputes in court. That arbitration will be "in lieu of" a set of actions that includes class actions can be reasonably read to allow for class arbitration.

This construction is supported by the paragraph below these broad statements, captioned "Claims Covered by the Arbitration Provision." The first sentence contemplates "claims or controversies" the parties may have *against* each other, which Lamps Plus argues supports purely binary claims. Yet Varela's claims against the company include those that could be brought as part of a class. The Agreement then specifies that arbitrable claims are those that "would have been available to the parties by law," which obviously include claims as part of a class proceeding. The paragraph lists a non-limiting, vast array of claims covered by the arbitration provisions, including many types of claims for discrimination or harassment ("race, sex, sexual orientation . . .") that are frequently resolved through class proceedings. *See, e.g.*, *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977) ("[S]uits alleging racial or ethnic discrimination are often by their very nature class suits, involving classwide wrongs."); *Griggs v. Duke*

*Power Co.*, 401 U.S. 424 (1971). The paragraph concludes by excluding from the Agreement two types of claims, but not any class or collective proceedings.

Moreover, a class action is "a procedural device for resolving the claims of absent parties on a representative basis" rather than a separate or distinct "claim." *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 435 (9th Cir. 2015). The broad language of the Agreement is not limited to claims. Varela surrendered his right to bring all "lawsuit[s] or other civil action[s] or *proceeding*[*s*]." (emphasis added). Additionally, the Agreement authorizes the Arbitrator to "award any remedy allowed by applicable law." Those remedies include class-wide relief.

Because the Agreement is capable of two reasonable constructions, the district court correctly found ambiguity. State contract principles require construction against Lamps Plus, the drafter of the adhesive Agreement. By accepting the construction posited by Varela – that the ambiguous Agreement permits class arbitration – the district court properly found the necessary "contractual basis" for agreement to class arbitration. *Stolt-Nielsen*, 559 U.S. at 684.

We **AFFIRM** and **VACATE** the stay of arbitration.

<u>Varela v. Lamps Plus, Inc.</u>, No. 16-56085

FERNANDEZ, Circuit Judge, dissenting:

I respectfully dissent because, as I see it, the Agreement was not ambiguous. We should not allow Varela to enlist us in this palpable evasion of *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 684–85, 130 S. Ct. 1758, 1775, 176 L. Ed. 2d 605 (2010).