Filed 7/29/22  Ocean Cities Pizza v. Superior Court CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| OCEAN CITIES PIZZA, INC., et al.,<br><br>      Petitioners,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>      Respondent;<br><br>ISMAIL ALAMMARI,<br><br>      Real Party in Interest. | A160891<br><br>(Contra Costa County<br>Super. Ct. No. MSC19-02640) |

Ismail Alammari filed a wage-and-hour complaint against Ocean Cities Pizza, Inc., Home County Pizza, Inc., Hishmeh Enterprises, Inc., and Central Cities Pizza, Inc. (collectively petitioners), asserting causes of action both on an individual and on a class basis. Petitioners purport to appeal, pursuant to Code of Civil Procedure section 1294, subdivision (a) (section 1294(a)), from an order granting their motion to compel Alammari to submit his individual claims to arbitration but denying their request to strike his class allegations. The court held that the parties' arbitration agreement requires classwide arbitration of the class claims.

Section 1294(a) authorizes appeals only from orders dismissing or denying petitions to compel arbitration. The challenged order, however, granted the petition in part, although denying the request to strike class

1

allegations. As held in *Reyes v. Macy's, Inc.* (2011) 202 Cal.App.4th 1119 (*Reyes*), the order is not appealable. Petitioners contend that the Federal Arbitration Act (FAA) preempts the rule of *Reyes*, and they request in the alternative that we treat the purported appeal as a petition for writ relief. Because classwide arbitration would be unduly costly if ordered erroneously, we will treat the appeal as a writ petition and, thus, need not resolve the preemption issue. On the merits, the trial court correctly held that the agreement unambiguously authorizes class arbitration, so we will deny the petition, effectively affirming the trial court's order.

## Factual and Procedural History

In 2018, Alammari became an employee of Ocean Cities Pizza and signed an arbitration agreement that the parties agree is enforceable and governed by the FAA.[1] It states that any dispute the company and employee cannot resolve informally "shall be resolved and decided through binding arbitration as set forth in this agreement." The agreement adds that, with certain exceptions not relevant here, the parties intend for it to apply to "any dispute that arises out of the employee's employment with the company" and to encompass "all claims that are arbitrable under applicable law." Further, the agreement states that it applies to "any claim brought on an individual, class action, putative class action, collective action, multiple-party, representative plaintiff and/or private attorney general basis by employee or on employee's behalf, that employee may have against the company,"

_____

[1] All four petitioners are franchisees of Domino's Pizza, Inc. While Alammari worked only for Ocean Cities Pizza, which is the only other party to the arbitration agreement, he sued all four petitioners and all requested arbitration. Alammari did not object and the court made its order compelling arbitration applicable to all four petitioners, while noting that it made "no finding as to whether the non-signatory Defendants are employers [of Alammari] or in a joint venture with Ocean Cities Pizza."

including, but not limited to, "any claims related to wages ([with one irrelevant exception]), reimbursements, penalties, alleged state Labor Code violations, alleged Wage Order or 'wage and hour' violations, discrimination, retaliation and harassment, whether based on state or federal law, and any other employment-related claim."

Alammari worked for Ocean Cities Pizza for approximately a year. In 2019, he filed a class-action complaint against all four petitioners alleging wage-and-hour violations. His first amended complaint asserts 10 causes of action. The first nine seek damages and restitution on behalf of Alammari and a proposed class, for wage-and-hour claims arising out of his and the class's employment by petitioners.[2]

Petitioners jointly moved to compel individual arbitration of all but the PAGA cause of action, to strike the "class claims," and to stay proceedings on the PAGA cause of action pending the arbitration. The court issued an order finding the arbitration agreement valid and governed by the FAA—as was undisputed—and holding that the agreement compels arbitration of all but the PAGA cause of action, on which the court stayed litigation pending the arbitration.

The court then turned to the one disputed issue—whether to order arbitration of the causes of action only on an individual basis or also on a class basis. It addressed *Lamps Plus, Inc. v. Varela* (2019) __ U.S. __

---

[2] Specifically, the complaint alleges that petitioners failed (1) to pay overtime wages, (2) to pay minimum wages (compensatory damages), (3) to pay minimum wages (liquidated damages), (4) to provide accurate, itemized wage statements, (5) to pay wages promptly after termination, (6) to provide uninterrupted meal periods, (7) to provide uninterrupted rest periods, and (8) to reimburse business expenses, and that (9) this conduct amounted to unfair business practices in violation of Business and Professions Code section 17200 et seq. entitling the class to equitable relief.

[139 S.Ct. 1407] (*Lamps Plus*), which held that the FAA preempts any rule of state contract law that would require a court to construe an ambiguous arbitration agreement so as to require class arbitration based on policy considerations rather than the parties' expressed intent. (139 S.Ct. at pp. 1417–1418.) The court distinguished *Lamps Plus* by noting that the arbitration agreement in that case did not mention class proceedings (*id*. at p. 1413), whereas the agreement here specifies that it applies to " 'any claim brought on an individual, *class action*, putative class action, collective action, multiple-party, representative plaintiff and/or private attorney general basis by employee or on employee's behalf' " (italics added by trial court). Noting further that the agreement did not include a class-action waiver or refer in any other way to class actions, the court found that the agreement unambiguously requires class arbitration of class members' employment-related claims. The court found support for its ruling in *Garner v. Inter-State Oil Co.* (2020) 52 Cal.App.5th 619 (*Garner*), a post–*Lamps Plus* opinion in which the Third Appellate District held that an arbitration agreement with somewhat similar language expressly required arbitration of class claims. The court thus ordered both individual and class arbitration of Alammari's claims.

Petitioners timely filed a notice of appeal.

## DISCUSSION

### 1. *Appealability*

The initial question is whether the order is subject to appellate review at this time.[3] Under *Reyes, supra*, 202 Cal.App.4th 1119, an order

---

[3] As the trial court noted, the agreement might be read to indicate that an arbitrator should decide whether Alammari can arbitrate his class claims on a class or only an individual basis. However, both parties asked the court

4

simultaneously granting a petition to compel arbitration and denying a request to strike class claims is not appealable under section 1294(a). (*Id.* at p. 1122.) *Reyes* was a wage-and-hour class action in which the trial court made an order very similar to the one at issue here. The employer moved to compel arbitration of the plaintiff's individual claims, dismiss her class allegations, and stay the matter until after arbitration. (*Id.* at p. 1122.) The trial court severed the individual claims and sent them to arbitration but denied the request to strike the class allegations. The court held that the order was not appealable under section 1294(a) because it did not deny the motion to compel arbitration, and because neither an order compelling arbitration nor an order denying a request to strike class allegations is appealable. (*Id.* at pp. 1122–1123.)[4]

The trial court here did not sever and stay the "class claims,"[5] as the court did in *Reyes*, but ordered those claims to classwide arbitration. Nonetheless, its ruling is not an order denying a petition to compel arbitration. In *Reyes* and here, the court compelled arbitration and refused to strike class allegations. While petitioners portray the order here as denying their petition to compel "individual arbitration," the court in fact ordered that

to determine whether the agreement authorizes classwide arbitration, and neither party contends that this issue should not be determined by the court.

[4] While section 1294(a) by its terms authorizes an appeal from only an order dismissing or denying a "petition to compel arbitration," it also applies to an order denying a motion to compel arbitration filed in an existing action. (*Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 349.)

[5] Petitioners correctly note that "individual claims" and "class claims" are not distinct causes of action, as a class action is simply a procedural device for asserting the same cause of action on behalf of additional claimants. (*Citizens of Humanity, LLC v. Ramirez* (2021) 63 Cal.App.5th 117, 132.) We nonetheless use the common shorthand of "individual claims" and "class claims" in lieu of more cumbersome alternatives.

the claims be arbitrated on both an individual and class basis. It did not deny the request to compel arbitration; it simply sent more of the case to arbitration than petitioners requested.

Petitioners argue in the alternative that the FAA as construed in *Lamps Plus, supra*, 139 S.Ct. 1407, preempts the rule of *Reyes*. Extending its prior decisions in *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.* (2010) 559 U.S. 662 and *Epic Systems Corp. v. Lewis* (2018) 584 U.S. __ [138 S.Ct. 1612], the high court in *Lamps Plus* held that the FAA preempts any rule of state contract law that compels class arbitration not based on unambiguous language in an arbitration agreement authorizing such arbitration. (139 S.Ct. at p. 1418.)[6] In *Lamps Plus*, a federal district court in California construed an arbitration agreement that was arguably ambiguous as to whether it authorized classwide arbitration. (*Id*. at p. 1413.) Applying the common law rule that

_____

[6] *Lamps Plus, supra*, 139 S.Ct. 1407 also involved an appealability dispute but, contrary to petitioners' contention, its analysis of FAA provisions conferring federal appellate jurisdiction is irrelevant here. The employer in *Lamps Plus* moved to compel individual arbitration and dismiss class claims but the trial court, as here, ordered class arbitration. (*Id*. at p. 1413.) While the employee in *Lamps Plus* disputed the order's appealability by arguing, like Alammari, that only orders denying petitions to compel arbitration are appealable, the high court never reached that contention. It was "beside the point," the court held, as the employer grounded appellate jurisdiction on another subsection of the FAA authorizing an appeal from " 'a final decision with respect to an arbitration that is subject to this title.' " (*Id*. at pp. 1413–1414, quoting 9 U.S.C. § 16(a)(3).) The trial court's decision had been "final" because it ordered all claims to arbitration and dismissed the action. (139 S.Ct. at p. 1414.) Here, the most closely analogous provision of the California Arbitration Act (Code Civ. Proc., § 1294, subd. (d)) authorizes an appeal from "[a] judgment entered pursuant to this title." Petitioners do not rely on that provision, as the trial court did not enter a judgment. The appealability analysis in *Lamps Plus* thus does not affect Alammari's contention that orders granting motions to compel arbitration are not appealable.

contracts are construed against their drafters, the court construed the ambiguous agreement to authorize classwide arbitration, and the Ninth Circuit affirmed. Reversing, the Supreme Court accepted the lower courts' interpretation of California law, under which the agreement was deemed ambiguous, but held that the FAA preempts the state law rule that contracts are construed against the drafter. (*Id*. at pp. 1415, 1417–1418.)

Petitioners argue that the appealability rule of *Reyes* is similarly preempted by the FAA. We doubt that the preemptive sweep of the FAA, even as construed in *Lamps Plus*, extends beyond rules of state contract law to encompass a state procedural rule on appealability. However, we need not resolve petitioners' preemption argument because we agree that in any event the circumstances warrant immediate writ review.

Purported appeals from orders compelling arbitration have been treated as writ petitions "(1) if the matters ordered arbitrated fall clearly outside the scope of the arbitration agreement or (2) if the arbitration would appear to be unduly time consuming or expensive." (*Zembsch v. Superior Court* (2006) 146 Cal.App.4th 153, 160.) The first rationale does not apply here because the class claims are not "clearly outside the scope of the arbitration agreement." But writ review is proper because, if wrongly ordered, "the arbitration would appear to be unduly time consuming or expensive." Several courts have found writ review of orders compelling arbitration appropriate because, if the order was improper, " 'the expense to the parties in participating in and seeking review of the arbitration is apparent.' " (*Id*. at p. 160, quoting *Atlas Plastering, Inc. v. Superior Court* (1977) 72 Cal.App.3d 63, 68; accord, e.g., *Ramos v. Superior Court* (2018) 28 Cal.App.5th 1042, 1050; *Medeiros v. Superior Court* (2007) 146 Cal.App.4th 1008, 1014, fn. 7.) Although in this case the parties agree

that an arbitration should occur, disagreeing only about its scope, arbitrating the causes of action on a classwide basis will consume considerably more time and expense than arbitrating them on only an individual basis. Indeed, the potential waste of resources may be more extensive here because classwide arbitration will require the parties to devote large quantities of time and resources to litigating issues relevant solely to the class format, effort that would be useless if it were ultimately determined that the class claims should have been dismissed.

Therefore, we shall treat petitioners' appeal as a petition for a writ of mandate to direct the trial court to strike the class allegations.

### 2. The merits

Turning to the merits, the parties dispute no facts, so we review de novo the trial court's interpretation of their agreement. (*Nguyen v. Applied Medical Resources Corp.* (2016) 4 Cal.App.5th 232, 258.)

As noted above, the fifth paragraph of the arbitration agreement states, "This arbitration agreement applies to any claim brought on an individual, class action, putative class action, collective action, multiple-party, representative plaintiff and/or private attorney general basis by employee or on employee's behalf, that employee may have against the company." The agreement includes no class action waiver and never again refers to class action claims. It thus states without qualification that an employee may assert a "claim brought on a[] . . . class action . . . basis . . . against the company" and that such a claim will be arbitrated. As the trial court held, this language unambiguously authorizes classwide employment-related claims and requires that they be resolved by arbitration. While petitioners point to passages in the first four paragraphs of the agreement referring to "employee" in the singular, those passages do not qualify the dispositive

8

language of the fifth paragraph stating that the agreement applies to "any claim brought on an individual, class action, putative class action [or other] basis . . . ."

The trial court found support for its conclusion in *Garner*, *supra*, 52 Cal.App.5th 619, an opinion issued after *Lamps Plus, supra,* 139 S.Ct. 1407, which held that a similar agreement expressly required classwide arbitration. The wording of the agreement in *Garner* was, if anything, less clear than the language in the present agreement. One sentence read, "[Y]ou and [employer] agree that any and all claims arising out of or related to your employment that could be filed in a court of law, including but not limited to, claims of unlawful harassment or discrimination, wrongful demotion, defamation, wrongful discharge, breach of contract, invasion of privacy, or *class action* shall be submitted to final and binding arbitration, and not to any other forum." (*Garner*, *supra*, at p. 623, italics added.) Another provided, "This arbitration agreement is a waiver of all rights to a civil jury trial or participation in a civil class action lawsuit for claims arising out of your employment." (*Ibid.*, boldface and capitalization omitted.) The trial court in *Garner* granted the employer's motion to compel arbitration on solely an individual basis, ruling that the latter sentence waived plaintiff's right to pursue class claims. (*Id.* at p. 622.) The Third Appellate District reversed, holding that the reference to "claims of . . . class action" indicated that claims asserted on a class basis were among those that must be submitted to arbitration, and that the second sentence waived only the right to participate in a "civil class action *lawsuit*," not a class *arbitration*. (*Id.* at pp. 623–624.) The court distinguished *Lamps Plus*, in which the agreement at issue was ambiguous. (*Id.* at p. 624.)

Petitioners attempt to distinguish *Garner, supra*, 52 Cal.App.5th 619 by contending it "did not address, much less decide, . . . whether the arbitration agreement there also permitted the class arbitration of those [class action] claims once arbitration commenced." They argue that the FAA permits a court to construe an agreement to authorize arbitration on a class basis only if the agreement uses the words "classwide arbitration," "class arbitration," or the like, and that whether an agreement applies to claims *brought* "on a . . . class action . . . basis" is different from whether such a claim may be *arbitrated* on a class basis. They contend that the agreement here authorizes plaintiff to assert a claim on a purported "class action basis" but not to have the claim arbitrated on a classwide basis. Petitioners cite no authority to support such a strained distinction, which certainly finds no support in *Garner*. The court there did not merely hold that the agreement "applied to" claims brought as a class action while leaving open whether they would be arbitrated on a class basis. The court stated that "the trial court granted [employer]'s petition to compel arbitration of individual claims only, effectively denying [employee] the ability to pursue class action claims" (*id.* at p. 621); it addressed the employee's contention that the arbitration agreement "gives him the right to pursue his class claims in arbitration" (*ibid.*); and it held that "the arbitration agreement requires arbitration of [employee]'s class claims" and it would "modify the trial court's order to require arbitration of both individual and class claims." (*Ibid.*)

Petitioners cite several opinions holding that particular arbitration agreements did not authorize classwide arbitration. (*Cortez v. Doty Bros. Equipment Co.* (2017) 15 Cal.App.5th 1; *Nelsen v. Legacy Partners Residential Inc.* (2012) 207 Cal.App.4th 1115; *Kinecta Alternative Financial Solutions, Inc. v. Superior Court* (2012) 205 Cal.App.4th 506, disapproved in other part

10

by *Sandquist v. Lebo Automotive, Inc.* (2016) 1 Cal.5th 233, 260, fn. 9.) But in none of those cases did the arbitration agreement mention claims brought on a "class action" basis or "on employee's behalf," like the agreement here. The agreements in those cases failed to mention "class claims" or anything involving a "class."

The same is true of the federal opinions petitioners cite (see, e.g., *Shivkov v. Artex Risk Solutions, Inc.* (9th Cir. 2020) 974 F.3d 1051, 1057– 1058; *Catamaran Corp. v. Towncrest Pharmacy* (8th Cir. 2020) 946 F.3d 1020, 1022; *Opalinski v. Robert Half International Inc.* (3d Cir. 2017) 677 Fed.Appx. 738, 739–740; *Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett* (6th Cir. 2013) 734 F.3d 594, 599)—including *Lamps Plus.* There is no indication that the arbitration agreement that the lower federal courts in *Lamps Plus* found "ambiguous" ever referred to "class claims" or claims on a "class action basis," or even used the word "class." (*Lamps Plus, supra,* 139 S.Ct. at p. 1413.) The Supreme Court did not quote the agreement extensively but said that the lower federal courts had concluded that it was ambiguous with regard to classwide arbitration merely because it used phrases "capacious enough to include class arbitration, such as one stating that 'arbitration shall be in lieu of any and all lawsuits or other civil legal proceedings relating to my employment.' " (*Ibid*.) The Ninth Circuit opinion and district court order quote the agreement more extensively and do not quote any passage using the word "class." (*Varela v. Lamps Plus, Inc.* (9th Cir. 2017) 701 Fed.Appx. 670, 672–673; *Varela v. Lamps Plus, Inc.* (C.D. Cal. Dec. 27, 2016, No. ED CV 16-577 DMG (KSx)) 2016 U.S.Dist. Lexis 188771.) In sum, neither *Lamps Plus* nor the other federal opinions petitioners cite addressed agreements explicitly referring to class claims, as do the agreements here and in *Garner.*

Moreover, the arbitration agreement in the present case refers not only to claims brought on a "class action basis" but to "to any claim brought . . . by employee *or on employee's behalf,* that employee may have against the company" (italics added). Resolving claims brought by one employee on another "employee's behalf" can occur only in classwide proceedings. This additional language, not found in the *Lamps Plus* agreement or in the agreements in the other cases cited by petitioners, makes still clearer that the present agreement explicitly contemplates classwide arbitration. On petitioners' view, the arbitration agreement can never apply to a claim brought "on employee's behalf," for each employee can arbitrate claims only on his or her own behalf—a reading that would make the reference to claims brought "on employee's behalf" surplusage.

Thus, we conclude that plaintiff's arbitration agreement unambiguously authorizes the arbitration of plaintiff's claims on a classwide basis, as the trial court held.

## DISPOSITION

The purported appeal is construed as a petition for a writ of mandate and the petition is denied. Alammari shall recover his costs of the proceedings in this court.


POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.

12