[No. A133411. First Dist., Div. Three. Dec. 21, 2011.]

FELICIA REYES, Plaintiff and Respondent, v.
MACY'S, INC., et al., Defendants and Appellants.

**COUNSEL**

Jackson Lewis, David S. Bradshaw; Betty Thorne Tierney and Brian M. Parsons for Defendants and Appellants.

Qualls & Workman, Daniel H. Qualls, Robin G. Workman and Aviva N. Roller for Plaintiff and Respondent.

**OPINION**

**POLLAK, J.**—Plaintiff and respondent Felicia Reyes has moved to dismiss the appeal of defendants Macy's, Inc., Macy's West Stores, Inc., and Jan Noll (collectively Macy's). The appeal is from an order granting Macy's motion to compel arbitration of plaintiff's individual claims but denying the request to dismiss class allegations and plaintiff's claim under the Labor Code Private Attorneys General Act of 2004 (PAGA), Labor Code section 2698 et seq. We shall grant the motion to dismiss the appeal because that portion of the trial court's order granting Macy's own motion to compel arbitration of the individual claims is not appealable, and the remainder of the order denying the motion to dismiss representative claims is not a final judgment and, therefore, also is not appealable at this time.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff is currently employed by Macy's as a sales associate. Her second amended complaint filed on behalf of herself and those similarly situated against Macy's alleges causes of action for failure to pay overtime wages pursuant to Labor Code section 1194; failure to reimburse for expenses in violation of Labor Code section 2802 and wage order No. 7-2001; and violation of Business and Professions Code section 17200 et seq. The amended complaint also contains a cause of action alleging the violation of numerous Labor Code provisions and seeking "recovery of civil penalties as prescribed by the [PAGA] on behalf of herself and other current and former employees of defendant against whom one or more of the violations of the

Labor Code was committed." The pleading also alleges individual claims against Macy's for discrimination, harassment, and retaliation in violation of the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.).

In the trial court, Macy's filed a "motion to compel arbitration on an individual basis, dismiss class allegations, and stay civil action," asking the court to enforce the parties' agreement to arbitrate, compel plaintiff to arbitrate individual claims, dismiss class/representative claims and, if the motion were granted, stay the proceedings until arbitration is completed. The order from which the appeal is taken provides: "All of plaintiff's individual claims are severed and are subject to arbitration. These individual claims are to proceed to arbitration. Plaintiff's class claims and PAGA claims, and discovery related to those claims, are stayed and shall remain in this court until the individual claims are arbitrated." Macy's timely filed a notice of appeal and plaintiff has moved to dismiss the appeal.[1]

## DISCUSSION

■ Insofar as the trial court's order from which the appeal is taken grants the motion to compel arbitration of plaintiff's individual claims, the motion to dismiss unquestionably is well taken. Not only does this portion of the order grant the relief which Macy's itself requested, but an order granting a motion to compel arbitration is not an appealable order. (*Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 648–649 [9 Cal.Rptr.3d 422]; *Gordon v. G.R.O.U.P., Inc.* (1996) 49 Cal.App.4th 998, 1004, fn. 8 [56 Cal.Rptr.2d 914].)

■ An order denying or dismissing a motion to compel arbitration, however, is an appealable order. (Code Civ. Proc., § 1294, subd. (a); *Zembsch v. Superior Court* (2006) 146 Cal.App.4th 153, 160 [53 Cal.Rptr.3d 69].) Macy's attempts to justify the present appeal by arguing that by refusing to compel plaintiff to arbitrate her class claims and the claim for penalties under PAGA, the trial court partially denied the motion to compel arbitration, rendering the order appealable. We do not agree. Neither literally nor functionally did Macy's request the trial court to compel the arbitration of these claims, nor did the court refuse to do so. Macy's moved the trial court "to dismiss Reyes' class allegations set forth in her second amended complaint." Macy's contention is not that the representative claims should be arbitrated, but that they should be dismissed. The trial court stayed the class and PAGA claims; it has not yet determined whether some or all of these

---

[1] Plaintiff has filed a cross-appeal, but has stated that the cross-appeal should be dismissed if the motion to dismiss Macy's appeal is granted.

claims should eventually be dismissed or may warrant judicial relief. Even if the present order is construed as a denial of the motion to dismiss, the order is interlocutory and is not yet subject to appeal. ■ Code of Civil Procedure section 904.1 provides the general list of appealable orders and judgments. The denial of a motion to dismiss is not among them. This section codifies the common law "one final judgment rule" and prohibits the review of such interlocutory rulings until final resolution of the case. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697 [107 Cal.Rptr.2d 149, 23 P.3d 43].)

■ Macy's argues that plaintiff's PAGA claim seeks relief for herself as well as for other employees and that the court's order therefore is effectively a denial of the request to arbitrate her individual claim under PAGA. However, plaintiff may not and does not bring the PAGA claim as an individual claim, but "as the proxy or agent of the state's labor law enforcement agencies." (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 986 [95 Cal.Rptr.3d 588, 209 P.3d 923].) "The purpose of the PAGA is not to recover damages or restitution, but to create a means of 'deputizing' citizens as private attorneys general to enforce the Labor Code. [Citation.] . . . [T]he relief is in large part 'for the benefit of the general public rather than the party bringing the action . . . .' " (*Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 501 [128 Cal.Rptr.3d 854].) Although plaintiff's complaint alleges, in conformity with the statutory language,[2] that "as an aggrieved employee, [she] hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of herself and other current and former employees of Defendant against whom one or more of the violations of the Labor Code was committed," the claim is not an individual one. A plaintiff asserting a PAGA claim may not bring the claim simply on his or her own behalf but must bring it as a representative action and include " 'other current or former employees.' " (*Machado v. M.A.T. & Sons Landscape, Inc.* (E.D.Cal., July 23, 2009, No. 2:09-cv-00459 JAM JFM) 2009 U.S.Dist. Lexis 63414, p. *6.) In *Machado*, the district court, using the " 'common acceptation' " of the word "and," held that the claim must be brought on behalf of other employees. (*Ibid.*)[3] "[T]he PAGA statute does not

---

[2] Labor Code section 2699, subdivision (a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3"

[3] Macy's argues that *Machado* was incorrectly decided, relying on three district court cases for the proposition that PAGA permits plaintiffs to maintain individual claims. (See *Grabowski v. C.H. Robinson Co,* (S.D.Cal., Sept. 19, 2011, No. 10cv1658-WQH-MDD) 2011 U.S.Dist. Lexis 105680; *Valle v. Lowe's HIW, Inc.* (N.D.Cal., Aug. 22, 2011, No. 11-1489

enable a single aggrieved employee to litigate his or her claims, but requires an aggrieved employee 'on behalf of herself or himself *and* other current or former employees' to enforce violations of the Labor Code by their employers." (*Urbino v. Orkin Services of California, Inc.* (C.D.Cal., Oct. 5, 2011, No. 2:11-cv-06456-CJC(PJWx)) 2011 U.S.Dist. Lexis 114746, p. *22; see also *Plows v. Rockwell Collins, Inc.* (C.D.Cal., Aug. 9, 2011, No. SACV 10-01936 DOC (MANx) ) 2011 U.S.Dist. Lexis 88781, p. *14; *Brown v. Ralphs Grocery Co., supra,* 197 Cal.App.4th 489.) ■ Because the PAGA claim is not an individual claim, it was not within the scope of Macy's request that individual claims be submitted to arbitration and the court's order may not be construed as a denial of any such request.

Therefore, no portion of the trial court's order is appealable, and the motion to dismiss the appeal must be granted.

## DISPOSITION

The motion to dismiss the appeal is granted. The appeal and cross-appeal are hereby dismissed. Each party is to bear its own costs on appeal.

McGuiness, P. J., and Jenkins, J., concurred.

---

SC) 2011 U.S.Dist. Lexis 93639; *Quevedo v. Macy's, Inc.* (C.D.Cal. 2011) 798 F.Supp.2d 1122.) None of these cases, however, addresses PAGA's statutory language and purpose. They rely on *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___ [179 L.Ed.2d 742, 131 S.Ct. 1740], which does not address the question of whether a PAGA claim may be asserted individually. The court in *Brown v. Ralphs Grocery Co., supra,* 197 Cal.App.4th 489 pointed out that *Quevedo v. Macy's, Inc.* failed to mention *Machado,* although *Machado* explicitly concluded that a PAGA claim cannot be brought on an individual basis. (197 Cal.App.4th at p. 503, fn. 8.)