Filed 8/1/19

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

YALILA LACAYO,

       Plaintiff and Respondent,

v.

CATALINA RESTAURANT GROUP
INC. et al.,

       Defendants and Appellants.

E069833

(Super.Ct.No. CIVDS1713877)

OPINION

APPEAL from the Superior Court of San Bernardino County. David Cohn, Judge.

Affirmed in part; dismissed in part.

Ogletree, Deakins, Nash, Smoak & Stewart, Spencer C. Skeen, Jesse C.

Ferrantella and Nikolas T. Djordjevski for Defendants and Appellants.

Payton Employment Law, Chantal McCoy Payton, Marissa L. Simmons;

McNicholas and McNicholas, Patrick McNicholas, David Angeloff and Chantal McCoy

Payton for Plaintiff and Respondent.

1

Defendants and appellants Catalina Restaurant Group, Inc., Carrows Restaurants, Inc., Carrows Family Restaurants, Inc., Coco's Bakery Restaurants, Inc. and Coco's Restaurants, Inc. (collectively, Catalina Defendants) appeal the partial denial of their motion to compel arbitration. Plaintiff and respondent Yalila Lacayo (Lacayo) was an employee of Catalina Defendants. Lacayo filed her plaintiff's class action complaint on behalf of herself and others similarly situated (Class Members) against Catalina Defendants in superior court (Complaint) alleging numerous wage and hour violations under the Labor Code, and an injunctive relief claim under California's unfair competition law (UCL). (Bus. & Prof. Code, § 17200 et seq.) Catalina Defendants responded by filing a motion to compel arbitration of Lacayo's individual claims, including the UCL claim, and dismissal of the class claims (Motion). The trial court granted the Motion as to Lacayo's individual claims; refused to dismiss the class claims, instead letting the arbitrator decide if the class claims were subject to arbitration or a class action waiver; and denied the Motion as to the UCL claim; and stayed the matter until after arbitration was completed.

Catalina Defendants on appeal contend the trial court erred by (1) refusing to enforce the individual arbitration agreement according to its terms; and (2) refusing to compel arbitration of Lacayo's UCL claim. In supplemental briefing, both parties addressed whether Catalina Defendants could appeal the trial court's order granting arbitration of individual claims but refusing to dismiss the classwide claims, leaving the decision for the arbitrator. We find Catalina Defendants cannot appeal the portion of the Motion that granted arbitration for Lacayo's individual claims and the refusal to dismiss

2

the class claims. This court need only address the order finding that the UCL claim was not subject to arbitration.

## FACTUAL AND PROCEDURAL HISTORY

A.    <u>COMPLAINT</u>

On July 20, 2017, Lacayo filed the Complaint on her own behalf and Class Members, with the first seven causes of action raising violations of the Labor Code, and the eighth cause of action raising the UCL claim based on Labor Code violations. The Labor Code violations included failure to pay overtime wages (Lab. Code, §§ 204, 510, 1194)[1]; failure to pay minimum wages (§§ 1194, 1197, 1197.1); liquidated damages for failure to pay minimum wages (§ 1194.2); waiting time penalties (§§ 201-203); failure to provide meal breaks (§§ 226.2, 512); failure to provide rest breaks (§ 226.7); and failure to provide wage statements (§ 226).

Lacayo defined the Class Members as those who had worked as assistant managers employed by Catalina Defendants in California from the date of four years prior to the filing of the Complaint, or were salaried employees who made less than twice the minimum wage for full-time employment. Lacayo alleged she worked for Catalina Defendants in San Bernardino County as an assistant manager from 2009 through August 2015, and again from March 2016 to June 2016, and was subject to their unlawful policies. She estimated there were at least 400 Class Members who worked in Catalina Defendants' bakery restaurants. The claims were appropriately resolved as a class.

_____

[1] All further statutory references are to the Labor Code unless otherwise indicated.

Lacayo alleged Catalina Defendants improperly classified her and the above-described employees as exempt but they did not qualify as exempt employees under the Labor Code. As a result, Lacayo sought on behalf of herself and the Class Members unpaid overtime compensation, unpaid minimum wages, unpaid contractual wages, wages for missed meals and rest periods, waiting time penalties, statutory penalties, restitution, declaratory and injunctive relief, attorney's fees and costs, prejudgment interest, and any other relief.

B.    MOTION TO COMPEL ARBITRATION

Catalina Defendants filed the Motion on October 6, 2017, in response to the filing of the Complaint. Catalina Defendants sought an order compelling Lacayo "to arbitrate her individual claims, dismissing class claims, and staying the action pending completion of arbitration." The Motion was brought under the Federal Arbitration Act (FAA) and California Code of Civil Procedure sections 1281.2 and 1281.4 on the grounds that Lacayo entered into a valid, binding and enforceable arbitration agreement and a class action waiver encompassing all claims and disputes related to her employment.

Catalina Defendants provided that Lacayo worked as a salaried manager for them, and when she started as a manager, she signed a document entitled "Mutual Agreement to Arbitrate Claims and Class Action Waiver" (Arbitration Agreement). On July 6, 2017, Lacayo was terminated from her employment after violating company policy. Despite having signed the Arbitration Agreement, she filed her Complaint in superior court. The FAA applied because Catalina Defendants engaged in interstate commerce and the parties agreed the FAA would apply in the Arbitration Agreement.

4

The Arbitration Agreement included a class action waiver, which provided as follows:  "**Any claim covered by this Agreement shall be brought and conducted solely on an individual basis and not in a class, multiple plaintiff or representative action, or as a named or unnamed member in a class, consolidated, representative or private attorney general action.  Similarly, the arbitrator may not consolidate more than one party's claims, and may not otherwise preside over any form of a class action or representative proceeding.  Notwithstanding the foregoing, Employee is not waiving his or her rights under the National Labor Relations Act, and he or she will not be retaliated against for concertedly challenging the validity of this Agreement through class or collective actions.**"

The Arbitration Agreement also included a clause, "The Arbitrator, and not any federal, state, or local court or Company, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable."

The Arbitration Agreement also provided that it would be governed by the FAA and was to be construed broadly.  It included a section entitled "Claims Covered by the Agreement," which provided in pertinent part, "The claims covered by this Agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, medical condition, or disability) under state or federal law; claims for

5

benefits (except where an employee benefit or pension plan specifies that its claims procedure shall culminate in an arbitration procedure different from this one), and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the Claims Not Covered section below." The next section was entitled "Claims Not Covered by the Agreement." It consisted of the following language, "Claims that Employee may have for workers' compensation, unemployment compensation benefits, or claims deemed not subject to arbitration under law are not covered by this Agreement. [¶] Upon a showing of reasonable cause, either party to this Agreement may petition a court of competent jurisdiction for immediate injunctive and/or equitable relief for unfair competition and/or the use and/or unauthorized disclosure or trade secrets or confidential information."

Catalina Defendants insisted that all of the claims were subject to arbitration under the Arbitration Agreement. Further, the Arbitration Agreement must be enforced by its terms. The trial court must dismiss the class claims as Lacayo clearly executed a class action waiver. Lacayo's UCL claim was not precluded from arbitration. The Arbitration Agreement provided that all disputes arising out of Lacayo's employment were subject to arbitration.

C.    OPPOSITION TO MOTION AND REPLY

Lacayo filed opposition to the Motion. Lacayo rejected that the UCL claim was subject to arbitration based upon the Arbitration Agreement language, which provided that claims not covered by the agreement included "immediate injunctive and/or equitable relief for unfair competition." Lacayo also alleged she was going to amend the

6

Complaint to include a Labor Code Private Attorneys' General Act of 2004 (PAGA) claim, which was not subject to arbitration.[2] Further, the trial court should conclude that the class action waiver was unconscionable and the Arbitration Agreement was procedurally and substantively unconscionable.

Catalina Defendants filed a reply to the opposition to the Motion. Catalina Defendants insisted the Arbitration Agreement was neither procedurally nor substantively unconscionable. Catalina Defendants insisted Lacayo had misread the Arbitration Agreement as it pertained to arbitration of UCL claims. The Arbitration Agreement did not preclude arbitration of a UCL claim because it included permissive language. Catalina Defendants also claimed Lacayo was not entitled to injunctive relief because she no longer worked for Catalina Defendants. Further, the class action waiver was valid; the class claims must be dismissed.

D.    FIRST HEARING

On November 2, 2017, the Motion was heard by the trial court. The trial court tentatively ruled it would grant the Motion as to the first seven causes of action and deny the Motion as to the UCL claim. It was also inclined to stay the proceedings during the pending arbitration. The trial court applied the FAA. It found the Arbitration Agreement was clear that arbitration was required for all employment disputes. However, the Arbitration Agreement exempted all injunctive and equitable relief for claims of unfair competition. This would include the UCL claim.

---

[2] There is nothing in this record that supports Lacayo ever amended the Complaint to include a PAGA claim.

7

The trial court believed the class action waiver was valid but that it was up to the arbitrator to decide "the meaning and scope of the class action waiver" based on the terms of the Arbitration Agreement. Catalina Defendants disagreed it was something to be decided by the arbitrator.

The trial court requested additional briefing on whether the UCL claim should be stayed and whether the meaning of the class action waiver should be decided by the trial court or left for the arbitrator to decide.

### E.     SUPPLEMENTAL BRIEFING

Catalina Defendants filed their supplemental brief on November 9, 2017. They insisted the FAA contained language that the trial court must direct the parties to proceed to arbitration in accordance with the terms of the agreement. There was no doubt the class action waiver was valid and the trial court had to order the dismissal of the class claims. Further, the Arbitration Agreement language "included the availability of class arbitration as a specific dispute the arbitrator lacked authority to preside over." The Arbitration Agreement specifically excluded from the arbitrator's consideration any class claims. This case differed from *Sandquist v. Lebo Automotive, Inc.* (2014) 228 Cal.App.4th 65, 76 (*Sandquist*), which found the arbitrator should decide if class arbitration was available, because it did not contain a similar class action waiver as in the instant case. The trial court must dismiss the class claims. Further, the UCL claim was subject to arbitration, but if the trial court disagreed, it should be stayed.

8

In response, Lacayo argued the UCL claim should not be stayed pending arbitration.[3]

F.    SECOND HEARING AND RULING

The trial court initially stated it intended to stay the UCL proceeding because it was based on the Labor Code violations that were being sent to arbitration. The trial court also believed the language was clear that the arbitrator was to decide the meaning of the Arbitration Agreement. It was up to the arbitrator to decide if class arbitration was appropriate.

Catalina Defendants argued that the language in the Arbitration Agreement provided the arbitrator would decide any "dispute" about the Agreement; there was no dispute about the class action waiver. The provision was clear and Lacayo agreed. Lacayo clarified she did not concede the class action waiver was clear and enforceable. Catalina Defendants argued *Sandquist* was not applicable because the agreement in that case was silent as to class arbitration. In this case, there was a clear class waiver and the arbitrator had no authority to hear class claims. Catalina Defendants requested a statement of decision including that the trial court denied Catalina Defendants' request to order individual arbitration only. Catalina Defendants asked that the order include that their relief was denied.

---

[3] Plaintiff made an additional argument that any UCL claim that occurred prior to December 16, 2012, should proceed, but that issue is not pertinent to the issues raised on appeal.

9

In its written order, the trial court recognized that Catalina Defendants sought an order "(1) compelling Lacayo to arbitrate her individual claims, (2) dismissing the class claims, and (3) staying the lawsuit pending completion of the arbitration." The trial court noted that at a first hearing on the Motion, it had "granted" the Motion as to the first seven causes of action and denied arbitration of the UCL claim as it fell outside the broad arbitration agreement. It then asked for supplemental briefing. At the second hearing, it decided that the UCL claim was appropriately stayed. It took under submission the question of whether the court or the arbitrator should decide if the Arbitration Agreement prohibited arbitration on behalf of the class members. The trial court concluded, "Although the class action waiver appears on its face to be clear and unambiguous, any arguments about its meaning or enforceability must be directed to the arbitrator, not to the court, due to the broad delegation of controversies to arbitration."

The court referred to *Sandquist*, in which the California Supreme Court addressed an existing split between California and federal law as to who—the arbitrator or the court—should decide whether an arbitration agreement permits class arbitrations. In *Sandquist*, the California Supreme Court found that the issue was determined by the party agreement; if the parties agreed the arbitrator decided then that provision controlled. *Sandquist* did not involve a class action waiver provision.

The trial court found, "Like the three arbitration agreements at issue in *Sandquist*, the arbitration agreement in this case is broad. It requires arbitration of 'all claims' whether or not arising out of the employment relationship, with specified exceptions. Nothing in the arbitration agreement specifically delegates the determination of

10

enforceability of the class action waiver to the court, as the agreement does with respect to certain types of claims. The relative strength or weakness of plaintiff's claim that the class action waiver does not mean what it appears to mean, or that it is unenforceable for one reason or another, does not exempt it from the broad delegation of decision to the arbitrator. The *Sandquist* opinion does not limit its application to uncertain or doubtful cases." It concluded that Lacayo could request class arbitration and "[t]he arbitrator will decide whether class arbitration is or is not allowed." It found that it was "premature to dismiss the class claims at this time."

## DISCUSSION

### A. APPEALABILITY

We must first decide if Catalina Defendants can appeal the trial court's order granting the Motion to compel individual arbitration but leaving the issue of classwide arbitration to the arbitrator for the first seven Labor Code claims. Catalina Defendants insist they can appeal the trial court's order relying upon *Lamps Plus, Inc. v. Varela* (2019) ___ U.S. ___ [139 S.Ct. 1407, 1412] (*Lamps Plus*), which they claim found that an order compelling arbitration of a putative class action is a denial of a motion to compel individual arbitration and is appealable.

Here, the Motion requested an order compelling Lacayo to arbitrate her individual claims and dismiss the class claims. The trial court granted the order inasmuch as it ordered arbitration of Lacayo's individual claims. It did not grant the Motion to dismiss the class claims, but rather left it up to the arbitrator to decide if there was the possibility of class arbitration based on the language of the Arbitration Agreement. The trial court

11

also found that, based on the language of the Arbitration Agreement, the UCL claim was not subject to arbitration. Only the partial denial of the Motion on the UCL claim is appealable.

Code of Civil Procedure section 1294 provides "An aggrieved party may appeal from: [¶] (a) An order dismissing or denying a petition to compel arbitration." "In contrast, orders *compelling* arbitration are considered interlocutory and are not appealable. [Citation.] 'The rationale behind the rule making an order compelling arbitration nonappealable is that inasmuch as the order does not resolve all of the issues in controversy, to permit an appeal would delay and defeat the purposes of the arbitration statute.' " (*Zembsch v. Superior Court* (2006) 146 Cal.App.4th 153, 160; see also *Nelsen v. Legacy Partners Residential, Inc.* (2012) 207 Cal.App.4th 1115, 1121 ["Orders granting motions to compel arbitration are generally not immediately appealable"])

In *Reyes v. Macys, Inc.* (2011) 202 Cal.App.4th 1119, the employer sought an order from the trial court compelling the employee to arbitrate her individual claims and to dismiss her class claims. (*Id.* at p. 1122.) The court issued an order that the individual claims were to proceed to arbitration. The class claims and an additional PAGA claim were stayed and would remain in the trial court. (*Id.* at p. 1122.) Employer appealed the order. The appellate court dismissed the appeal. (*Id.* at p. 1124.) First, it found that the partial grant of the employer's motion to compel arbitration of the individual claims was not appealable pursuant to Code of Civil Procedure section 1294. (*Reyes*, at p. 1122.) Second, the court rejected that the employer requested in the lower court that the class claims be arbitrated and that such request was denied. Instead, the employer sought to

dismiss the claims, which the trial court refused, and stayed the proceedings pending arbitration. There was no basis to appeal on the motion to compel arbitration because it was granted. Further, the request to dismiss the class claims was not appealable because a motion to dismiss was an interlocutory order. A motion to dismiss was not an appealable order listed in Code of Civil Procedure section 904.1. (*Reyes*, at p. 1123.)

Here, Catalina Defendants requested Lacayo be required to submit her individual wage and hour claims to arbitration based on the terms of the Arbitration Agreement; the trial court agreed. Lacayo had raised additional class claims and the Motion specifically requested that they be dismissed and that they not be subject to arbitration. The trial court refused to dismiss the class claims and left the issue to the arbitrator to decide if the class claims could be arbitrated. These orders, as in *Reyes*, are not appealable.

Catalina Defendants rely on *Mitchell v. American Fair Credit Association* (2002) 99 Cal.App.4th 1345, to support their claim that the partial denial of the Motion is an appealable order. They insist that the trial court refused to compel Lacayo's injunctive relief claim; denied their request to compel individual arbitration and denied their request for dismissal of the class claims. However, in *Mitchell*, the appellate court in the published portion of the opinion only reviewed "the trial court's partial denial of the motion to compel arbitration." (*Id.* at p. 1350.) *Mitchell* does not support Catalina Defendants' claim here that the orders granting the Motion and denying the motion to dismiss are appealable orders.

In supplemental briefing, Catalina Defendants rely on *Lamps Plus* to support their claim that the trial court's order here is appealable. In *Lamps Plus*, a hacker

13

impersonated a company official and tricked an employee into disclosing personal information about 1,300 other employees. Varela, a Lamps Plus employee, filed an action in the Federal District Court against Lamps Plus to bring "state and federal claims on behalf of a putative class of employees whose tax information had been compromised." Varela and the other employees had signed employment agreements, which included arbitration agreements. (*Lamps Plus*, *supra*, ___ U.S. ___ [139 S.Ct.at pp. *1412-1413].) Lamps Plus moved to compel individual arbitration. The district court granted the motion to compel arbitration but rather than ordering individual arbitration, it granted arbitration on a classwide basis. (*Id.* at p. *1413.) The Ninth Circuit found the arbitration agreement was ambiguous as to whether the parties had agreed to a class arbitration waiver, but construed the agreement against Lamps Plus, the drafter of the agreement, approving the classwide arbitration. (*Id.* at pp. *1413-1415.)

The United States Supreme Court first addressed appealability based on the argument by Varela that Lamps Plus had requested arbitration and that order was granted. The court rejected that conclusion finding, "Lamps Plus did not secure the relief it requested. It sought an order compelling individual arbitration. What it got was an order rejecting that relief and instead compelling arbitration on a classwide basis. We have explained . . . that shifting from individual to class arbitration is a 'fundamental' change, [citation], that 'sacrifices the principal advantage of arbitration' and 'greatly increases risks to defendants,'[citation]. Lamps Plus's interest in avoiding those consequences gives it the 'necessary personal stake in the appeal' required by our precedent." (*Lamps Plus*, *supra*, ___ U.S. ___ [139 S.Ct. at p. *1414], fn omitted.)

14

On the merits, the United States Supreme Court concluded that courts should not imply class arbitration of claims unless the arbitration agreement clearly provided for such classwide arbitration. Further, the United States Supreme Court rejected that the doctrine of contra proferentum, construing the agreement against the drafter, should apply to arbitration agreements. It specifically concluded, "[c]ourts may not infer from an ambiguous agreement that parties have consented to arbitrate on a classwide basis." (*Lamps Plus*, *supra*, ___ [139 S.Ct. at p. 1419.])

*Lamps Plus* is distinguishable as the procedural posture of this case is distinct. Lamps Plus made a motion to compel individual arbitration of claims. The request for individual arbitration was denied and classwide arbitration was ordered by the district court and approved by the Ninth Circuit. Here, the trial court never ordered classwide arbitration but rather left that decision to the arbitrator based on the plain language of the Arbitration Agreement. Further, in *Lamps Plus*, the Ninth Circuit, based on the agreement being ambiguous as to whether the parties agreed to a class arbitration waiver, affirmed the order of classwide arbitration. That decision was rejected by the United States Supreme Court. Here, the trial court merely reviewed the employment contract and found, based on the plain language, that all decisions regarding the interpretation of the employment contract must be made by the arbitrator. There was no decision by the trial court in this case akin to that made in *Lamps Plus*.

In fact, *Lamps Plus* recognized that parties may contract to leave these gateway decisions to arbitrators. It stated, "[W]e presume that parties have not authorized arbitrators to resolve certain 'gateway' questions, such as 'whether the parties have a

15

valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy.' [Citation.] Although parties are free to authorize arbitrators to resolve such questions, we will not conclude that they have done so based on 'silence or ambiguity' in their agreement, because 'doing so might too often force unwilling parties to arbitrate a matter they reasonably would have thought a judge, not an arbitrator, would decide.' (*Lamps Plus*, *supra*, ___ U.S. ___ [139 S.Ct. at p. *1416-1417].) In this case, the parties agreed to allow the arbitrator to interpret the language of the Arbitration Agreement and the trial court ordered that the decision on classwide arbitration be made by the arbitrator. Such interlocutory order leaving the decision on classwide arbitration to the arbitrator is not appealable.

Catalina Defendants request that this court consider the appeal a petition for writ of mandate and order the superior court to vacate its order. We decline to consider this appeal a petition for writ of mandate. "[W]rit review of orders directing parties to arbitrate is available only in 'unusual circumstances' or in 'exceptional situations.' " (*Zembsch v. Superior Court*, *supra*, 146 Cal.App.4th at p. 160.) "California courts have held that writ review of orders compelling arbitration is proper in at least two circumstances: (1) if the matters ordered arbitrated fall clearly outside the scope of the arbitration agreement or (2) if the arbitration would appear to be unduly time consuming or expensive." (*Ibid*.)

Here, the trial court ordered that the arbitrator decide if the class claims were subject to arbitration under the Arbitration Agreement. The parties specifically provided that the arbitrator would decide any interpretation of the Arbitration Agreement and it is

16

conceivable the arbitrator will dismiss the claims. We decline to treat the appeal as a petition for writ of mandate.

Catalina Defendants rely on *Truly Nolen of America v. Superior Court* (2012) 208 Cal.App.4th 487 (*Truly Nolen*), to support their claim that this court should construe the appeal as a petition for writ of mandate. In *Truly Nolen*, employees filed a class action complaint against Truly Nolen of America alleging violations of California's wage and hour laws. (*Id.* at p. 494.) Truly Nolen filed a motion to compel arbitration under the arbitration agreement signed by the employees and sought arbitration on an individual basis rather than classwide arbitration. (*Ibid.*) They argued that they could not be compelled to classwide arbitration because the arbitration agreements did not contain a provision authorizing class arbitration. (*Id.* at p. 437.) The trial court ordered classwide arbitration and Truly Nolen filed a petition for writ of mandate seeking to reverse the trial court's order on classwide arbitration. (*Id.* at p. 497.) The appellate court granted the petition for writ of mandate ordering the superior court to vacate its decision and to hold a hearing interpreting the arbitration agreement as to whether the arbitration agreement implied a classwide arbitration waiver. In *Truly Nolen*, the plaintiffs argued for the first time on appeal that the arbitrator was to decide all issues involving class arbitration. However, since plaintiffs did not raise the issue in the lower court, the appellate court found the argument was forfeited. (*Id*. at p. 515.)

Here, Catalina defendants filed an appeal, not a petition for writ of mandate. Moreover, the trial court did not order classwide arbitration in this case. That decision

17

was left to the arbitrator and we will not issue a petition for writ of mandate to the trial court to make a decision on the classwide arbitration.

Catalina Defendants have not provided this court with authority to support that we have jurisdiction to review the trial court's order as to the first seven causes of action. As such we dismiss the appeal as to the first seven causes of action. The only appealable issue before this court is the denial of arbitration of the UCL claim, which we address, *post*.[4]

B.    MERITS

Here, the only reviewable claim is the denial of the Motion as to the UCL claim, which Catalina Defendants argue on appeal should have been found to be subject to arbitration. Catalina Defendants claim the Arbitration Agreement was broadly worded to include "all claims" and it also subjected any claims arising under any state statute to arbitration.

"The 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" (*AT&T Mobility LLC. v. Concepcion* (2011) 563 U.S. 333, 344.) "Code of Civil Procedure section 1281.2 requires a trial court to grant a petition to compel arbitration 'if [the court] determines that an agreement to arbitrate the controversy exists.' [Citation.] Accordingly, ' "when presented with a petition to compel arbitration the trial court's first task is to determine whether the parties have in fact agreed to arbitrate the dispute. [¶] . . ." [Citation.]'

_____

[4] Catalina Defendants' motion for judicial notice filed September 5, 2018, is denied.

18

[Citations.]  'A party seeking to compel arbitration has the burden of proving the existence of a valid agreement to arbitrate.  [Citations.]  Once that burden is satisfied, the party opposing arbitration must prove by a preponderance of the evidence any defense to the petition.' " (*Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50, 59.)

" 'Arbitration is . . . a matter of contract, and the parties may freely delineate the area of its application.  The court's role . . . must be strictly limited to a determination of whether the party resisting arbitration agreed to arbitrate.  A heavy presumption weighs the scales in favor of arbitrability; an order directing arbitration should be granted "unless it may be said with positive assurance that the arbitration [provision] is not susceptible of an interpretation that covers the asserted dispute." ' " (*Gravillis v. Coldwell Banker Residential Brokerage Co.* (2006) 143 Cal.App.4th 761, 771; see also *Avery v. Integrated Healthcare Holdings, Inc.*, *supra*, 218 Cal.App.4th at p. 59.)  "The policy in favor of arbitration does not apply when the contract cannot be interpreted in favor of arbitration.  There is no policy in favor of arbitrating a dispute the parties did not agree to arbitrate." (*Balandran v. Labor Ready, Inc.* (2004) 124 Cal.App.4th 1522, 1528; see also *Bono v. David* (2007) 147 Cal.App.4th 1055, 1063 ["[T]he contractual terms themselves must be carefully examined before the parties to the contract can be ordered to arbitration," and "[t]here is no public policy favoring arbitration of disputes which the parties have not agreed to arbitrate"].)

19

Our standard of review when there is no factual dispute as to the language of the agreement is de novo.  (*Bono v. David*, *supra*, 147 Cal.App.4th at p. 1061-1062.)[5]

Here, there was a specific exemption agreed to by the parties in the Arbitration Agreement for unfair competition claims.  The Arbitration Agreement provided that "Upon a showing of reasonable cause, either party to this Agreement may petition a court of competent jurisdiction for immediate injunctive relief and/or other equitable relief for unfair competition and/or the use and/or unauthorized disclosure or trade secrets or confidential information."  This appeared under the heading "<u>Claims Not Covered by the Agreement</u>."  As such, based on the terms of the contract, it is clear here, as found by the trial court, that the parties intended to exempt the UCL claim from arbitration.

Catalina Defendants rely on *Ferguson v. Corinthian Colleges, Inc.* (9th Cir. 2013) 733 F.3d 928.  In *Ferguson*, college students brought a class action against their college seeking, among other relief, injunctive relief under California's unfair competition law. (*Id.* at p. 930.)  The Ninth Circuit concluded that such an action could be subject to arbitration and that, based on the language of the arbitration agreement, the parties agreed to arbitration of the issue.  (*Id.* at pp. 937-938.)  That language included that all claims must be submitted to the arbitrator instead of a court.  (*Id.* at p. 938.)  However, there is no indication in *Ferguson* that there was a similar provision as here, which specifically exempted unfair competition claims.  *Ferguson* is not applicable to the instant case.

---

[5] Catalina Defendants do not claim that the issue of whether the UCL claim is subject to arbitration is an issue that must be decided by the arbitrator—like the import of the class action waiver—and we will not make such argument for them.

Moreover, we reject the claim of Catalina Defendants that somehow the parties agreed they would interpret the Arbitration Agreement in conjunction with the California Arbitration Act. In fact, the Arbitration Agreement itself stated it would be subject to the FAA. Based on the foregoing, we cannot conclude the order to deny the Motion as to the UCL claim was erroneously entered.

## DISPOSITION

We dismiss the appeal as to causes of action one through seven and affirm the order on the eighth cause of action. Costs of the appeal are awarded to Lacayo as the prevailing party.

CERTIFIED FOR PUBLICATION

MILLER
Acting P. J.

We concur:

FIELDS
J.

MENETREZ
J.

21