Filed 5/23/22  Flournoy v. CJS Solutions Group, LLC CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| OTTIST FLOURNOY, | C092075 |
| Plaintiff and Appellant, | (Super. Ct. No. PC20180406) |
| v. | |
| CJS SOLUTIONS GROUP, LLC, | |
| Defendant and Appellant. | |

Plaintiff Ottist Flournoy filed a putative class action against his former employer, defendant CJS Solutions Group, LLC, doing business as The HCI Group (HCI), alleging numerous wage and hour claims.  While the lawsuit was pending, HCI offered plaintiff a new position of employment, which plaintiff accepted.  As part of the hiring process, plaintiff signed an arbitration agreement, which purported to refer all past, present, and future individual claims to arbitration, and waived his right to have any dispute heard or arbitrated on a class basis.

1

HCI then filed a motion to compel arbitration of plaintiff's individual claims and to strike his class claims pursuant to the class action waiver. The trial court granted HCI's petition to compel plaintiff's individual claims to arbitration but found the class action waiver was unenforceable and thus declined to strike the class action claims. HCI appeals from the trial court's order denying its request to strike plaintiff's class action claims. Plaintiff cross-appeals, challenging the balance of the trial court's ruling compelling his individual claims to arbitration.

We ordered supplemental briefing on the question of whether HCI could appeal that portion of the trial court's ruling declining to strike the class claims. We now conclude that no part of the trial court's ruling is appealable, and we accordingly dismiss both the appeal and cross-appeal.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Factual history*

HCI hired plaintiff in October 2017. On August 9, 2018, plaintiff filed this putative class action against HCI, alleging seven wage and hour claims. In December 2018, HCI offered plaintiff another position, which was conditioned upon, among other things, plaintiff's assent to the Company's mutual arbitration agreement (the arbitration agreement).

The arbitration agreement stated that all past, present, and future claims and controversies between the parties arising out of plaintiff's employment or termination must be resolved by arbitration. It also contained a delegation clause, granting the arbitrator exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of the arbitration agreement.

However, the delegation clause expressly did not apply to the "Class Action and Collective Action Waivers" in the arbitration agreement (the class action waiver), which purported to waive the parties' rights for "any dispute to be brought, heard, decided, or arbitrated as a class action" and gave the arbitrator "no authority to hear or preside over

2

any such claim." The class action waiver was severable "in any case in which (1) the dispute is filed as a class action and (2) there is a final judicial determination that the Class Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such case, the class action must be litigated in a civil court of competent jurisdiction—not in arbitration."

Plaintiff signed the arbitration agreement.

B. *Trial court proceedings*

Here, plaintiff seeks relief on behalf of himself and a class defined as "all non-exempt employees employed by or formerly employed by [HCI]." As noted, HCI moved to compel arbitration of plaintiff's individual claims and to strike his class claims pursuant to the class action waiver. Plaintiff opposed the motion and separately filed a motion to invalidate the arbitration agreement. The trial court found that the agreement's delegation clause authorized only the arbitrator to determine whether the agreement was enforceable regarding plaintiff's individual claims, and accordingly granted HCI's motion to compel arbitration of plaintiff's individual claims for that purpose.

However, as the delegation clause did not apply to the class action waiver, the trial court assessed its validity and enforceability, found it unenforceable, and declined to strike the class claims, ordering that the parties litigate them in civil court. As a result, plaintiff's class claims remained subject to resolution in the trial court, while his individual claims were referred to arbitration. For the reasons stated in the ruling on the motion to compel arbitration, the motion to invalidate the arbitration agreement was granted in part and denied in part.

3

DISCUSSION

I

*Appealability*

A.    *HCI's appeal*

The first issue we resolve is whether the trial court's ruling for which HCI seeks appellate review is an interlocutory or final order. In its supplemental brief on this question, HCI argues that Code of Civil Procedure section 1294[1] authorizes its appeal because the trial court's refusal to enforce the class action waiver and strike the class claims was the "functional equivalent" of an order denying a petition to compel arbitration. Plaintiff counters that HCI's appeal is not authorized because HCI did not move to compel arbitration of the class claims, and thus the trial court did not deny or dismiss a petition to compel arbitration. We agree with plaintiff.

A party's right to appeal in civil actions is statutory. (*Hernandez v. Restoration Hardware, Inc.* (2018) 4 Cal.5th 260, 267.) Section 1294, subdivision (a) provides that an aggrieved party may appeal from "[a]n order dismissing or denying a petition to compel arbitration." Here, HCI did not move to compel plaintiff's class claims to arbitration. Rather, its notice of motion asked the trial court for an order "compelling arbitration of [plaintiff's] individual claims, striking his class allegations, and dismissing the proceedings." The trial court declined to strike the class claims and *granted* the petition to compel arbitration of the individual claims. HCI appealed only the portion of the ruling declining to strike the class claims. Because the trial court did not dismiss or deny a petition to compel arbitration, section 1294 does not authorize HCI's appeal.

The First District Court of Appeal, Division Three, considered this issue in *Reyes v. Macy's, Inc.* (2011) 202 Cal.App.4th 1119, 1122-1123.) In *Reyes,* the defendant

---

[1]    Undesignated statutory references are to the Code of Civil Procedure.

4

moved to compel the plaintiff's individual claims to arbitration and dismiss the plaintiff's class claims under the terms of the arbitration agreement. (*Reyes, supra*, at p. 1122.) The trial court ordered the individual claims to arbitration but stayed the class claims without yet determining whether dismissal was proper, and the defendant appealed. (*Id*. at pp. 1122-1123.) The appellate court concluded that the trial court's order staying the class claims was not an appealable order because "[n]either literally nor functionally did [the defendant] request the trial court to compel the arbitration of these claims, nor did the court refuse to do so." (*Id*. at p. 1122.) It further explained that "[e]ven if the present order is construed as a denial of the motion to dismiss, the order is interlocutory and is not yet subject to appeal. [S]ection 904.1 provides the general list of appealable orders and judgments. The denial of a motion to dismiss is not among them." (*Reyes*, at p. 1123.)

Here, as in *Reyes*, HCI did not request arbitration of the class claims, hence the trial court did not decline to compel arbitration of the class claims. Thus, its order declining to strike the class claims is not appealable. (See also *Lacayo v. Catalina Restaurant Group Inc.* (2019) 38 Cal.App.5th 244, 254 [trial court's order denying request to dismiss class claims and permitting arbitrator to decide whether to arbitrate class claims was not appealable].)

HCI nonetheless urges us to find that the trial court's order was the functional equivalent of an order denying a petition to compel arbitration, and thus appealable under section 1294 because, by declining to strike the class claims, the trial court refused to enforce the class action waiver in the agreement. However, the authority cited by HCI is inapposite. In those cases, the appellate courts found orders appealable after the trial court denied a motion to compel arbitration without prejudice (*Sanders v. Kinko's Inc.* (2002) 99 Cal.App.4th 1106, 1109-1110), denied a motion to compel arbitration in part (*Mitchell v. American Fair Credit Assn.* (2002) 99 Cal.App.4th 1345, 1350), and granted a motion to stay arbitration. (*Henry v. Alcove Investment, Inc.* (1991) 233 Cal.App.3d 94,

5

98-100.)  Thus, in all three cases, the trial court either stayed arbitration (in effect, temporarily denying arbitration) or denied petitions to compel arbitration.  Consequently, those cases clearly fall within the language of section 1294.  As explained above, this case does not fall within section 1294.  We therefore conclude that the challenged order is unappealable and HCI's appeal is properly dismissed.

B.  *Plaintiff's cross-appeal*

Plaintiff's cross-appeal is likewise subject to dismissal.  Plaintiff seeks to challenge on appeal the trial court's partial denial of his motion to invalidate the arbitration agreement.  While conceding that the challenged ruling effectively granted HCI's motion to compel arbitration of his individual claims—which is not an appealable order (*Ashburn v. AIG Financial Advisors, Inc.* (2015) 234 Cal.App.4th 79, 94; see § 1294)—plaintiff nonetheless urges us to grant discretionary review by writ of mandate.  We find no basis to do so, particularly in light of our dismissal of HCI's appeal.

"[W]rit review of orders directing parties to arbitrate is available only in 'unusual circumstances' or in 'exceptional situations.'  [Citations.]  [¶]  Nevertheless, California courts have held that writ review of orders compelling arbitration is proper in at least two circumstances:  (1) if the matters ordered arbitrated fall clearly outside the scope of the arbitration agreement or (2) if the arbitration would appear to be unduly time consuming or expensive."  (*Zembsch v. Superior Court* (2006) 146 Cal.App.4th 153, 160.)

Neither rationale is present here.  The trial court ordered plaintiff's individual claims to arbitration for the arbitrator to address the threshold issue of the agreement's enforceability and validity.  If the arbitrator concludes the agreement is enforceable, there appears to be little dispute that plaintiff's individual claims would fall within the terms of the agreement.  Further, the arbitrator's consideration of the agreement's enforceability is a discrete issue that is neither unduly time consuming nor costly to resolve.  We accordingly conclude this is not an unusual case or exceptional circumstance warranting writ review.  Plaintiff's cross-appeal is also dismissed.

6

## DISPOSITION

We dismiss both HCI's appeal and plaintiff's cross-appeal. Each party shall bear its own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

                                        KRAUSE , J.

We concur:

MAURO , Acting P. J.

HOCH , J.