Filed 11/9/23  Cruz v. Oliphant Financial CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHERRIE SILVA CRUZ,<br><br>　　　Cross-complainant and Appellant,<br><br>v.<br><br>OLIPHANT FINANCIAL, LLC et al.,<br><br>　　　Cross-defendants and Respondents. | A166874<br><br>(San Mateo County Super. Ct. No. 21-CIV-03306) |

Cherrie Silva Cruz took out a consumer loan and signed a "Borrower Agreement" containing an arbitration provision.  Oliphant Financial, LLC (Oliphant) filed suit to collect Cruz's unpaid debt, alleging it purchased the debt.  Cruz filed a class action cross-complaint against Oliphant and Oliphant's attorney (Rachel Haney) and her law firm (Gurstel Law Firm, P.C.) (collectively, cross-defendants), alleging cross-defendants violated state and federal debt collection laws.  The trial court granted cross-defendants' petition to compel individual arbitration and to stay proceedings pursuant to the arbitration provision in the Borrower Agreement.

1

On appeal, Cruz argues, in essence, that cross-defendants failed to prove the right to compel arbitration was transferred to them by the original creditor to the Borrower Agreement. Cross-defendants have filed a motion to dismiss the appeal on the ground that the appeal is taken from a nonappealable order. We agree the order granting the petition to compel arbitration is a non-appealable order and so we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Oliphant's complaint against Cruz alleges that Cruz obtained a loan from WebBank that she failed to repay, that Cruz's account was assigned or transferred to Oliphant, and that Oliphant seeks to collect the debt. Attached to the complaint are documents detailing Cruz's account, a copy of a borrower agreement, and a bill of sale indicating LendingClub Corporation (Lending Club) and Oliphant executed an Account Purchase Master Agreement, whereby LendingClub sold to Oliphant various accounts, including Cruz's account.

Cruz filed a cross-complaint asserting a class action against Oliphant and the attorney and law firm representing Oliphant. The allegations tentatively define the class as persons in California against whom cross-defendants filed a collection complaint attempting to collect a debt originally owed to WebBank and sold to Oliphant during a specific time period. Cruz also alleges as follows. Cruz incurred a financial obligation in the form of a consumer credit account issued by WebBank. The alleged debt (which she denies owing) is evidenced by a promissory note created and maintained by LendingClub. The debt and electronic promissory note were transferred by WebBank to LendingClub in March 2016, and thereafter the debt and promissory note were transferred to IBI Consumer Credit, LP (IBI), with LendingClub acting as IBI's agent. The alleged debt was then sold to cross-

2

defendants for collection purposes, though control of the electronic promissory note was not transferred to cross-defendants.

Based on these alleged facts, Cruz's cross-complaint includes a cause of action under the California Fair Debt Buying Practices Act against Oliphant alone, claiming Oliphant's complaint falsely states its compliance with Civil Code section 1788.52 and does not attach a copy of the contract or other document described in Civil Code section 1788.52, subdivision (b). The cross-complaint also includes causes of action under the federal Fair Debt Collection Practices Act and California's Rosenthal Fair Debt Collection Practices Act against all cross-defendants, claiming they made false representations in trying to collect the debt and were attempting to collect a debt barred by federal and state statutes of limitations.

Cross-defendants filed a motion to compel arbitration of Cruz's individual claims and to stay the action on the ground that Cruz's Borrower Agreement with WebBank contains the following arbitration provision: "Any dispute with us, Lending Club or any subsequent holder of the Loan Agreement and Promissory Note will be resolved by binding arbitration, subject to your right to opt out . . . ." The arbitration provision specifically provides that either party to the Borrower Agreement or any subsequent holder may require arbitration of claims. A "claim" includes any dispute between Cruz and WebBank and/or "any subsequent holder (or persons claiming through or connected with us and/or the subsequent holders) . . . relating to or arising out of this Agreement." "Claims are subject to arbitration regardless of whether they arise from contract; tort (intentional or otherwise); a constitution, statute, common law, or principles of equity; or otherwise. Claims include matters arising as initial claims, counterclaims, cross-claims, third-party claims, or otherwise. The scope of this Arbitration

3

Provision is to be given the broadest possible interpretation that is enforceable." The provision also provides for delegation of arbitrability issues to the arbitrator by defining a "claim" as including "any past, present, or future claim, dispute, or controversy . . . relating to or arising out of this Agreement, any Loan Agreement and Promissory Note(s), the Site, and/or the activities or relationships that involve, lead to, or result from any of the foregoing, *including . . . the validity or enforceability of this Arbitration Provision*, any part thereof, or the entire Agreement." (Italics added.)

Section 20(f) of the arbitration provision further indicates that no arbitration shall proceed on a class representative or collective basis, and that challenges to the validity of this particular section "shall be determined exclusively by a court and not by the administrator or any arbitrator." The arbitration provision also includes a means for opting out of the arbitration provision.

Cross-defendants filed several declarations and exhibits in support of their motion to compel arbitration, which supported the conclusion that Cruz and WebBank executed the Borrower Agreement containing the arbitration clause, that Oliphant was assigned and acquired all rights to Cruz's account after it purchased a portfolio of accounts, that Oliphant presently owns Cruz's account, and that the account originated with WebBank.

Over Cruz's opposition, the trial court granted cross-defendants' motion to compel arbitration and stay the action. The court explained the material issue in the case was whether Cruz agreed to the Borrower Agreement containing the arbitration provision, and the evidence indicated she did.

Cruz filed this appeal.

4

Generally, an order granting a motion to compel arbitration is not an appealable order. (Code Civ. Proc., § 1294; Cal. Law Revision Com. com., Deering's Ann. Code Civ. Proc., (2014 ed.) foll. § 1294, p. 805; *Reyes v. Macy's, Inc.* (2011) 202 Cal.App.4th 1119, 1122.) Review of such an order ordinarily must await appeal from a final judgment. (*Nguyen v. Applied Medical Resources Corp.* (2016) 4 Cal.App.5th 232, 242.)

Cruz acknowledges this general rule but argues the order is immediately appealable under the "death knell" doctrine. The death knell doctrine requires an order that "(1) amounts to a de facto final judgment for absent plaintiffs, under circumstances where (2) the persistence of viable but perhaps de minimis individual plaintiff claims creates a risk no *formal* final judgment will ever be entered." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 759.) In Cruz's view, the death knell doctrine applies because the arbitration provision confers no authority upon the arbitrator to consider class claims, so the order is a de facto final judgment for the absent plaintiffs. Cruz also contends the trial court erred in ruling that the issue whether cross-defendants were actually assigned the right to compel arbitration was a matter for the arbitrator to decide.

But the trial court did not dismiss the class claims, and it properly declined to decide Cruz's challenge to the "assignment chain" because the Borrower Agreement explicitly left the determination of "gateway" issues to the arbitrator. (*Aanderud v. Superior Court* (2017) 13 Cal.App.5th 880, 891 [" 'parties can agree to arbitrate "gateway" questions of "arbitrability," such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy' "].) Cruz does not challenge the court's finding that she signed the Borrower Agreement which contains the

5

arbitration provision, nor does she contest the validity of the delegation clause in the arbitration provision. Cruz may in the future litigate her class claims in the superior court action if the arbitrator comes to agree with her that the arbitration clause may not be enforced here in light of the "assignment chain" issues. In other words, no death knell has yet sounded for these claims.

Although Cruz has requested oral argument, we have no jurisdiction and must dismiss this appeal due to the lack of an appealable order. The effect of this dismissal of the appeal is to leave the challenged order in place. (Code Civ. Proc., § 913; *Estate of Sapp* (2019) 36 Cal.App.5th 86, 100.)

<strong>DISPOSITION</strong>

The appeal is dismissed. Cross-defendants are entitled to costs on appeal. (Cal. Rules of Court, rule 8.278.)

_____
Fujisaki, J.

WE CONCUR:

_____
Tucher, P.J.

_____
Petrou, J.

*Cruz v. Oliphant* (A168874)