Filed 7/11/23  Doss v. Oakmont Management Group CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| LEZETTE DOSS et al., | |
| Plaintiffs and Respondents, | E079258 |
| v. | (Super.Ct.No. CIVSB2106396) |
| OAKMONT MANAGEMENT GROUP et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of San Bernardino County.  David S. Cohn, Judge.  Affirmed in part and dismissed in part.

Pettit Kohn Ingrassia Lutz & Dolin, Thomas S. Ingrassia, Rio F. Schwarting and Annie F. Fraser for Defendants and Appellants.

Lawyers for Justice, Edwin Aiwazian, Arby Aiwazian, Elizabeth Parker-Fawley and Arman Marukyan for Plaintiffs and Respondents.

1

Lezette Doss and Cynthia Garcia brought a putative class action against their former employer, Oakmont Management Group, alleging a single cause of action for violation of the unfair competition law (UCL) (Bus. & Prof. Code, § 17200 et seq.).[1] Oakmont moved to compel arbitration of plaintiffs' individual claims and to dismiss the class claims. The trial court denied the motion in both respects.

On appeal, Oakmont does not challenge the court's order denying the motion to compel arbitration, but it asks us to reverse the order on the class claims. We affirm the order denying the motion to compel arbitration. We dismiss the appeal from the order denying the motion to dismiss the class claims.

BACKGROUND

Oakmont manages residential retirement communities. The company employed Doss as a driver and Garcia as a care provider. Doss and Garcia's first amended complaint alleges that Oakmont violated various Labor Code provisions, including by failing to pay overtime compensation, failing to timely pay wages, failing to pay minimum wages, and failing to provide meal and rest breaks or the premium for missed breaks. Those alleged violations constitute the unlawful business practices underlying plaintiffs' UCL cause of action.

Oakmont moved to compel arbitration of plaintiffs' UCL claims on an individual basis. The same motion asked the court to dismiss the UCL class claims. The moving papers offered evidence that Doss and Garcia had signed identical arbitration agreements.

---

[1] Oakmont of San Antonio Heights and Oakmont Senior Living, LLC are also defendants. We refer to the defendants collectively as "Oakmont."

According to the relevant provisions of the agreement, the parties agreed to settle nearly all employment-related disputes or claims through binding arbitration "in accordance with the Federal Arbitration Act ('FAA')." The agreement contained an exception for equitable relief claims. It provided "that either party may file a request of a court of competent jurisdiction for equitable relief, including but not limited to injunctive relief, pending resolution of any dispute through the arbitration procedure." The agreement also contained a class action waiver, which stated: "[C]lass and collective action procedures are waived, and shall not be asserted, nor will they apply, in any arbitration (or dispute adjudicated in any other forum) pursuant to this Agreement." Oakmont moved the court to dismiss the UCL class claims on the basis of the class action waiver.

In opposition, Doss and Garcia argued that Oakmont had not carried its burden of showing that they signed the arbitration agreement. They also argued that even if Oakmont had carried its burden, the UCL claims were equitable in nature and thus exempted from arbitration.

Citing recent case law, Oakmont acknowledged in its reply brief that plaintiffs' individual UCL claims could proceed in court, because the claims fell within the exception for equitable relief. (See *Eminence Healthcare, Inc. v. Centuri Health Ventures, LLC* (2022) 74 Cal.App.5th 869, 876, 881-882 [holding that UCL cause of action fell within arbitration agreement's exception for claims seeking injunctive or other equitable relief].) However, Oakmont continued to argue that the court should dismiss the UCL class claims on the basis of the class action waiver.

3

At the hearing on the motion, the trial court denied the motion to compel arbitration of the individual claims. It continued the motion to dismiss the class claims and permitted the parties to file supplemental briefs on whether to dismiss those claims.

Doss and Garcia's supplemental brief argued that the UCL class claims were equitable and thus exempted from arbitration, so the question was whether Oakmont could enforce a waiver of the right to bring class actions in judicial proceedings. They asserted that under *Gentry v. Superior Court* (2007) 42 Cal.4th 443 (*Gentry*), the class action waiver was unenforceable.

The court issued a written tentative ruling denying the motion to dismiss the class claims. The ruling noted that the court had "previously denied the motion to compel arbitration . . . but continued the hearing to allow supplemental briefing on the issue whether the class claims should be dismissed."[2]

After the continued hearing, on April 28, 2022, the court adopted the tentative ruling as its final ruling. The ruling explained that *Gentry* applied if an action was not subject to arbitration. And the court ruled that under *Gentry*, plaintiffs' waiver of the right to bring a class action in court was unenforceable. More specifically, Doss and Garcia offered evidence establishing the *Gentry* factors. Their declarations showed "the modest size of the potential individual recovery, the potential for retaliation against

---

[2] The tentative ruling cites the minute order from the first hearing at which the court denied the motion to compel arbitration, but the record on appeal does not contain that minute order.

4

members of the class, [and] the fact that absent members of the class may be ill informed about their rights." (*Gentry*, *supra*, 42 Cal.4th at p. 463)

Oakmont filed a notice of appeal from the April 28, 2022, order.

DISCUSSION

Oakmont argues that the trial court erred by denying its motion to dismiss the class claims. Doss and Garcia urge us to dismiss the appeal, because the order denying the motion to dismiss class claims is not appealable. We agree with Doss and Garcia.

The existence of an appealable order is a jurisdictional issue. (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 222.) An appeal from a nonappealable order generally will be dismissed. (*Ibid*.) An order denying a motion to compel arbitration is an appealable order. (Code Civ. Proc., § 1294, subd. (a); *Reyes v. Macy's, Inc.* (2011) 202 Cal.App.4th 1119, 1122 (*Reyes*).) An order denying a motion to dismiss class claims, however, is an interlocutory order that is not appealable until final resolution of the case. (*Reyes*, *supra*, at p. 1123; *Lacayo v. Catalina Restaurant Group Inc.* (2019) 38 Cal.App.5th 244, 253-254 (*Lacayo*).)

Oakmont appeals from the nonappealable order denying its motion to dismiss class claims. Its arguments to the contrary lack merit. First, Oakmont insists that it is appealing from the order denying the motion to compel arbitration. Oakmont moved to compel arbitration and moved to dismiss the class claims in one motion, and the court ruled on both requests. To the extent that the order denying the motion to dismiss class claims incorporated the earlier ruling denying the motion to compel arbitration, the portion of the order denying the motion to compel was appealable. But Oakmont is not

5

challenging that portion of the order. And it does not follow that the remainder of the order was appealable. "A single order or judgment can be in part appealable and in part nonappealable." (*Six4Three, LLC v. Facebook, Inc.* (2020) 49 Cal.App.5th 109, 113; accord *Lacayo*, *supra*, 38 Cal.App.5th at p. 253 [portion of order denying motion to compel arbitration of one cause of action was appealable, while portion of order denying motion to dismiss class claims was not].)

Second, Oakmont argues that courts routinely address the viability of class claims on appeal from an order denying a motion to compel arbitration. But none of the cases on which Oakmont relies held that an order denying a motion to dismiss class claims was appealable. The appealability of such an order was not addressed by the cases. (*Evenskaas v. California Transit, Inc.* (2022) 81 Cal.App.5th 285, 297-298; *Muro v. Cornerstone Staffing Solutions, Inc.* (2018) 20 Cal.App.5th 784, 792-795; *Garrido v. Air Liquide Industrial U.S. LP* (2015) 241 Cal.App.4th 833, 842-843; *Brinkley v. Monterey Financial Services, Inc.* (2015) 242 Cal.App.4th 314, 349-354; *Franco v. Arakelian Enterprises, Inc.* (2015) 234 Cal.App.4th 947, 959-961.) It is well established that "a judicial decision is not authority for a point that was not actually raised and resolved." (*Fairbanks v. Superior Court* (2009) 46 Cal.4th 56, 64.) "'Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'" (*Canales v. City of Alviso* (1970) 3 Cal.3d 118, 127, fn. 2.) Moreover, only one of the cases on which Oakmont relies addressed appealability at all, and it explained that an order *granting* a petition to compel arbitration and stay or dismiss class claims was appealable, because

6

the order effectively sounded "the "'death knell'" of the class action litigation." (*Franco*, *supra*, 234 Cal.App.4th at p. 953, fn. 5.) The death knell doctrine does not apply to the order here, which allowed the class claims to move forward.

Oakmont further argues that if the order is not appealable, then we should exercise our discretion to construe the appeal as a petition for writ of mandate. We decline to do so. Oakmont raises the argument for the first time in its reply brief without a showing of good cause. (*American Drug Stores, Inc. v. Stroh* (1992) 10 Cal.App.4th 1446, 1453 [declining to construe appeal as writ petition when appellant first raised the argument in the reply brief].) It acknowledges that consideration of belated arguments raised in the reply brief deprives the respondent of the opportunity to counter the arguments. (*Ibid.*) It nevertheless contends that Doss and Garcia are not prejudiced here, because they raise the issue in their respondents' brief and thus "were fully able to brief it." Doss and Garcia did anticipate that Oakmont might make the argument, and they urge us not to consider it without a showing of good cause. They also assert that there are no unusual circumstances to justify treating this case as a writ petition. But they were not able to brief the issue fully without knowing Oakmont's precise arguments on each of the factors that courts ordinarily consider when deciding whether to treat an appeal as a writ petition. (*Olson v. Cory* (1983) 35 Cal.3d 390, 400-401; *Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 770.) They had no duty to develop those hypothetical arguments for Oakmont and then rebut them. Under these circumstances, we will not exercise our discretion to construe the appeal as a petition for writ of mandate.

In sum, Oakmont appeals from a nonappealable order.  We therefore dismiss the appeal from the order denying the motion to dismiss the class claims.  To the extent the order incorporated the ruling denying the motion to compel arbitration, we affirm the order on the motion to compel.

## DISPOSITION

The order denying Oakmont's motion to compel arbitration is affirmed.  The appeal from the order denying Oakmont's motion to dismiss the class claims is dismissed.  Doss and Garcia shall recover their costs of appeal.  (Cal. Rules of Court, rule 8.278(a)(1)-(2).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____
J.


We concur:

RAMIREZ _____
P. J.
CODRINGTON _____
J.

8